IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

STANFORD A. RUSSELL, GN-4975, )
    Petitioner, )
     )
    v. ) Civil Action No. 08-688
     )
TOM CORBET, et al., )
    Respondents. )

MEMORANDUM AND ORDER

MITCHELL, M.J.

Stanford A. Russell has presented a petition for a writ of habeas corpus which he has been granted leave to prosecute in forma pauperis. Because it appears that the petitioner has failed to exhaust the available state court remedies, his petition here is subject to dismissal and because reasonable jurists could not find a basis for appeal, a certificate of appealability will be denied. However, the petitioner will first be granted an opportunity to correct these deficiencies.

Stanford A. Russell, an inmate at the State Correctional Institution at Huntingdon has presented a petition for a writ of habeas corpus which he has been granted leave to prosecute in forma pauperis.

Russell is presently serving a ten to twenty year sentence imposed following his conviction, by a jury, of drug manufacturing, sale and possession with intend to deliver at No. 1756 of 2005, in the Court of Common Pleas of Fayette County, Pennsylvania. This sentence was imposed on February 17, 2006.[1] An appeal was taken to the Superior Court which Court affirmed

---

[1] See: Petition at ¶¶ 1-6 of the petition.

1

the judgment of sentence on December 19, 2006 and leave to appeal to the Pennsylvania Supreme Court was not sought.[2]

Russell apparently filed a post-conviction petition which was denied on November 20, 2007 and is presently the subject of an appeal pending in the Superior Court at No. 54 WDA 2008.[3] While this appeal was pending, the petitioner received an affidavit from Antwaun Bush indicating that he was coerced into writing a false statement incriminating the petitioner.[4] As a result of this statement which the petitioner categorizes as newly discovered evidence of his innocence, on April 30, 2008, he requested the Superior Court hold his appeal in abeyance while he sought a new trial, and on May 2, 2008 that request was denied.[5] The petitioner also moved for a new trial in the Court of Common Pleas based on this evidence, and that request was denied on May 8, 2008 due to the pendency of the appeal to the Superior Court.[6] The instant petition was executed on May 15, 2008, and in it, Russell contends he is entitled to relief on the grounds of ineffective assistance of counsel as a result of the newly discovered evidence which he received on April 17, 2008.[7]

It is provided in 28 U.S.C. §2254(b) that:

---

[2] See: Petition at ¶ 9 and Superior Court Docket No. 564 WDA 2006.

[3] See: Superior Court Docket No. 54 WDA 2008.

[4] See: Exhibit B to the petition.

[5] See: Superior Court Docket No. 54 WDA 2008 and Exhibit C to the petition..

[6] See: Exhibit D to the petition.

[7] See: Petition at ¶ 12.

> An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

This statute represents a codification of the well-established concept which requires that before a federal court will review any allegations raised by a state prisoner, those allegations must first be presented to that state's highest court for consideration. Preiser v. Rodriguez, 411 U.S. 475 (1973); Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973); Doctor v. Walters, 96 F.3d 675 (3d Cir. 1996).

It is only when a petitioner has demonstrated that the available corrective process would be ineffective or futile that the exhaustion requirement will not be imposed. Preiser v. Rodriguez, supra.; Walker v. Vaughn, 53 F.3d 609 (3d Cir. 1995).

If it appears that there are available state court remedies, the court must determine whether a procedural default has occurred. If a procedural default has occurred, the court must determine whether cause or prejudice exists for the default, or whether a fundamental miscarriage of justice would result from a failure to consider the claims. Carter v. Vaughn, 62 F.3d 591 (3d Cir. 1995).

In construing § 2254(d)(1), the Court in Williams v. Taylor, 529 U.S. 362, 412-413 (2000) stated:

> Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied - the state-court adjudication resulted in a decision that (1) "was contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a

3

question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

In Hameen v. Delaware, 212 F.3d 226, 235 (3d Cir. 2000), the Court determined:

The Court in Williams v. Taylor held that "[u]nder the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." Williams v. Taylor, further held that "[u]nder the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." The "unreasonable application" inquiry requires the habeas court to "ask whether the state court's application of clearly established federal law was objectively unreasonable." Thus, under the "unreasonable application" clause, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." The Court in Williams v. Taylor made it clear that the "contrary to" and "unreasonable application"clauses have independent meaning.

In the instant case, with the pendency of the petitioner's appeal from the denial of post conviction relief, it is obvious that there are remedies available to him in the courts of the Commonwealth which he is actively pursuing. Accordingly, his petition here is premature. For this reason his petition here is subject to dismissal and because reasonable jurists could not find a basis for appeal, a certificate of appealability will be denied. However, the petitioner will first be granted an opportunity to correct these deficiencies.

An appropriate order will be entered.

ORDER

AND NOW, this 9th day of June, 2008, the petitioner is advised that pursuant to the foregoing Memorandum, his petition is subject to dismissal;

IT IS FURTHER ORDERED that pursuant to United States v. Bendolph, 409 F.3d 155 (3d Cir. 2005), if he so desires, on or before June 23, 2008, the petitioner submit an amended petition addressing the deficiencies in his present petition;

AND IT IS FURTHER ORDERED that failure to respond or failure to submit an adequate response will result in the dismissal of the above petition and entry of an appropriate judgment.

s/ Robert C. Mitchell,  
United States Magistrate Judge